ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 1 4 1999

NANCY DOHERTY, CLERK

By _____
            Deputy

ALEXIS M. HERMAN,                      )
  Secretary of Labor,                  )
  United States Department of Labor,   )        CIVIL ACTION
                               )
             Plaintiff,            )        No.
                               )
                               )        **3-99CV2349-T**
        v.                    )
                               )
LOCAL 311, NATIONAL POSTAL MAIL HANDLERS   )
UNION, AFL-CIO,                        )
                               )
           Defendant.             )

## COMPLAINT

### I.

Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. §§ 481 et seq., hereinafter referred to as the Act) as applied to the defendant by the Postal Reorganization Act at 39 U.S.C. § 1209(b).

### II.

Jurisdiction of this action is conferred upon the Court by section 402(b) of the Act (29 U.S.C. § 482(b)).

III.

Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 2849 West Illinois Avenue, City of Dallas, County of Dallas, State of Texas, within the jurisdiction of this Court.

IV.

Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

V.

Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the National Postal Mail Handlers Union, AFL-CIO, hereinafter referred to as the National, a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C.§§ 402(i) and 402(j)).

VI.

Defendant, purporting to act pursuant to its By-Laws and the National's Constitution, conducted an election of officers on March 1, 1999, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481 et seq.).

VII.

By letter dated March 15, 1999, addressed to the National's President, the complainant, Albertus Lewis, Jr., protested Local 311's March 1, 1999 election. By letter dated April 13, 1999, addressed to the complainant, the National's President denied the protest. By letters dated April 19, and 21, 1999, addressed to the National's Secretary Treasurer, the complainant appealed the National's President decision. By letter dated June 3, 1999, addressed to the complainant, the National's Secretary Treasurer, on behalf of the National Executive Board, denied the appeal. Having exhausted the remedies available and having received an unfavorable decision, the complainant filed a timely complaint with the Secretary of Labor on June 17, 1999, in accordance with the provisions of section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

VIII.

By letters dated July 9, 1999, September 8, 1999 and September 27, 1999, addressed to the plaintiff, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's March 1, 1999 elections be extended to September 15, 1999, October 1, 1999 and October 15, 1999, respectively.

IX.

Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act (29 U.S.C. §§ 481 et seq.) had occurred in the conduct of the election and had not been remedied at the time of the institution of this action.

## X.

Defendant, in the conduct of the aforesaid election, violated section 401(e) of the Act (29 U.S.C. § 481(e)) by declaring a member to be ineligible as a candidate for union office by reason of the employer's default in payment of the member's dues when such dues were being withheld by the employer for payment to the union pursuant to the member's voluntary authorization provided for in the collective bargaining agreement.

## XI.

The violation of section 401(e) of the Act (29 U.S.C. § 481(e)), found and alleged above may have affected the outcome of the defendant's March 1, 1999 election for the offices Vice President of Local 311 and Dallas BMC Administrative Vice President.

## XII.

WHEREFORE, plaintiff prays for judgment:

(a) declaring the defendant's election for the offices of Vice President of Local 311 and Dallas BMC Administrative Vice President to be null and void;

(b) directing the defendant to conduct a new election for those offices, under the supervision of the plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.


PAUL E. COGGINS
United States Attorney

By: _____
PAULA M. BILLINGSLEY
Assistant United States Attorney
1100 Commerce Street, Room 300
Dallas, Texas 75242
TX Bar No. 02317400
(214) 659-8613
(214) 767-2916


HENRY L. SOLANO
Solicitor of Labor

WILLAM E. EVERHEART
Regional Solicitor

THOMAS A. PAIGE
Trial Attorney in Charge

U.S. Department of Labor
Office of the Solicitor
525 S. Griffin, Suite 501
Dallas, Texas 75202

(214) 767-4902, ext. 124
(214) 767-3445, fax

Attorneys for Plaintiff